21077.   BOSWELL *et al.,* trustees, *v.* PURKS, county school superintendent, *et al.*

DECIDED APRIL 1, 1931.

*Joseph G. Faust,* for plaintiffs.

LUKE, J.   A. J. Boswell, J. T. Colclough, J. H. Barnhart, C. W. Davis, and D. H. Byce, in their representative capacity as trustees of the Penfield Consolidated School District, filed their petition in the superior court of Greene County against W. A. Purks, as county

school superintendent, L. S. Cawthon, as tax-collector of said county, and G. C. Torbert, C. W. Davis, and John McGinty, as trustees of the Shiloh District before its consolidation with the Penfield School District, praying that a rule nisi be issued against the said county school superintendent and said tax-collector, requiring them to show cause why they should not pay over to the petitioners as trustees certain funds arising from local taxation in the Shiloh School District prior to its consolidation with other local school districts under the name of Penfield Consolidated School District. All the defendants acknowledged service, and the county school superintendent and the tax-collector filed a joint answer, in which the former stated that he had on hand $137.50, and the latter stated that he had on hand $19.45, and on his digest uncollected $38.66; and in which answer both stated that they desired to pay over the money to the proper authorities, and asked that an order be passed protecting them in the premises.

Upon the hearing it appeared from testimony introduced that certain local school districts in Greene County, including the Shiloh School District, had recently, at an election duly called in the districts composing the consolidated districts, elected to be consolidated as the Penfield Consolidated School District; and that they had been so consolidated by the board of education of Greene county. It further appears from the record that these facts were admitted to be true by all the parties to the proceedings. Introduced in evidence was also a petition of F. S. Patrick and twelve others, representing themselves as taxpayers of the Shiloh School District, asking that the sums collected as taxes be redistributed to those who had paid them. To the ruling and judgment of the court that the monies in the hands of the county school superintendent and the tax-collector be repaid to those by whom it was paid, in the same proportions to the amounts paid by the several taxpayers, the petitioners excepted.

The learned judge of the court below determined the question presented upon the theory that the consolidation of the several local district schools, including the Shiloh District School, resulted in the dissolution of the several schools so consolidated, in the sense, we assume, that these several district schools were wholly extinguished, and that, therefore, any taxes collected in the several districts for district school purposes should be returned to the tax-

payers. We are not able to follow the course of reasoning through which the court arrived at this conclusion. It seems to us that if the several local districts were consolidated in the sense that they wholly ceased to exist, then nothing remained as the basis of the consolidation, and no consolidation could be said to have been effected. We think it more logical to hold that, while they ceased to exist as separate units, the district schools continued their existence as parts of the consolidation; and that, therefore, the consolidated schools are entitled to the benefit of any taxes collected or levied previous to the consolidation and still uncollected, in the Shiloh School District, now composing the Penfield Consolidated School District. This view seems more consonant with justice and equity than the contrary one, since the taxpayers of the Shiloh District are entitled to the benefits of the consolidated school system, with the corresponding legal obligation to contribute to its support.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*